# COBB SUPERIOR COURT,

## MARCH TERM, 1842.

---

### ANDREW MCBRIDE VS. ARTHUR T. WHITEHEAD.

*Trover, &c. In Cobb Superior Court, and Verdict for Defendant, and rule nisi for new trial. Argued and determined at March term,* 1842.

1st. When a chattel is sold on condition that the title is not to vest until paid for, and time is given for the payment, the property is not changed until the payment, though the possession is delivered at the time of sale.

2d. A new trial will be granted when the verdict of the Jury is contrary to evidence.

This is an action of trover, brought for the recovery of a certain brown mare, proven to be worth from $75 to $90, and upon the final trial, the Jury found a verdict for the defendant. And thereupon, the plaintiff's counsel moved for a new trial, upon the following grounds :

1st. Because, the Jury impannelled to try said cause, found contrary to law.

2d. Because, the Jury found contrary to the evidence.

The testimony of several witnesses establishes the fact, that the mare was the property of the plaintiff originally, and that he raised her, and had her in his possession until sometime in the year 1837— at which time she went into the possession of one *Tristam Betha*, who loaned her to the defendant, by whom she was swapped off. The whole case must turn upon the nature of this transfer of possession, for if it was not such a contract as to change the property, then it must still be in plaintiff; and if so, he has the right to recover, provided the evidence establishes a conversion by the defendant. Let us then examine the testimony upon this point. *Tristam Betha* himself has been examined as a witness by both parties : in

[McBride vs. Whitehead.]

his testimony on the part of the plaintiff, he states that the mare belonged to plaintiff, and that in the year 1837, he, witness, took said mare out of plaintiff's possession, on an agreement between witness and plaintiff, by which witness was to take the mare, at ninety dollars, provided he paid for her by the 25th day of Dec. 1838, if not, he was to return the mare to plaintiff. He further states, that he never paid for *her*, and that in the forepart of the year 1839, he carried the mare to Cobb County, and also that he went in company with defendant, that he afterwards loaned the mare to defendant, and also that he told defendant the mare belonged to plaintiff, and that defendant afterwards swapped said mare off. He further states, that defendant had told him, that plaintiff had told him, defendant, that the mare was his, plaintiff's, property. So, it appears from the testimony of *Betha*, that the contract between plaintiff and him was conditional, and that the mare was to be his, *Betha's*, property, provided he paid ninety dollars by a certain time, which he says he did not do—then, this being a condition precedent upon which the title was to vest in him, *Betha*, and the condition never having been performed, it is clear the title did not vest at all, but that the mare still continued to be the property of *McBride*, the plaintiff. The testimony also fully establishes the conversion by defendant.

But the motion for a new trial is resisted by defendant's counsel upon the ground, that where there is positive evidence on both sides, the Court will not grant a new trial upon the ground that the verdict is contrary to evidence, although in the opinion of the Court, the verdict is contrary to the weight of evidence, and relies upon the authority as laid down in the case of the *Executors of Jane McKane* vs. *John Bonner*, 1 *Bailey's* S. C. Repts. 113, and *Scanlan* vs. *Turner*, 421, of same work. I am willing to allow the doctrine contained in these authorities to the fullest extent, but the question is, whether they are applicable to the case under consideration. It is contended that the testimony of *Betha*, as taken by defendant, is contradictory to his testimony as taken by the plaintiff, and that there is therefore evidence on both sides as to the fact of property in plaintiff. It is true he states in this testimony that he bought the mare from plaintiff, and claimed her as his own property, and that he loaned the mare to *Whitehead*, the defendant, and authorised him to trade her, and he farther states, that he had never received any

[McBride vs. Whitehead.]

thing for the mare. Now, this testimony cannot properly be considered as contradictory of his testimony as taken by the plaintiff, but he has stated the fact of the sale of the mare, &c. without stating all the facts of the trade, to wit, the condition as to the payment of the money; if then this was the evidence of another witness, and not of the same witness, most of it might be reconciled, but if it is conceded that this latter testimony is contradictory of the other, then what is the effect of it—is it to be considered in the same light in which we would view the testimony of a different witness contradicting his testimony on the part of the plaintiff? Certainly not. But the effect would be to destroy his testimony altogether, for we would not know which part of it to believe. Then there being no other testimony going to prove the property out of the plaintiff, and the conversion having been fully proven, I am of opinion, that the verdict was not only contrary to the weight of evidence, but there does not appear to be any evidence by which the verdict can be supported. And where a verdict is clearly contrary to evidence, the Court will grant a new trial. See the case of *Cockfield* vs. *Daniel*, Constitutional Repts. 1 vol. 193. The verdict is therefore set aside, and a new trial granted.

WILLIAM EZZARD, J. S. C. C. C.

CASE & KNIGHT, for motion.
ALEXANDER, contra.